FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Dana DeBeauvoir, County Clerk
Travis County, Texas
Oct 10, 2019 10:09 AM    Fee: $74.00
**2019158067**
*Electronically Recorded*

This page is intentionally added for electronic file stamp.

**EXHIBIT "16"**

ATX000256

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

THE STATE OF TEXAS

COUNTY OF TRAVIS

KNOW ALL PERSONS BY THESE PRESENTS:

### RECITALS:

**A.** **900 CESAR CHAVEZ, LLC, 905 CESAR CHAVEZ, LLC, 5TH AND RED RIVER, LLC,** and **7400 SOUTH CONGRESS, LLC** (collectively, "Grantors" or "Borrowers") executed that certain Deed of Trust, Security Agreement and Financing Statement (the "Deed of Trust") executed by the Grantors, dated September 21, 2018, and recorded as Document No. 2018151772 of the Official Public Records of Travis County, Texas, which covers and effects, among other property, that certain real property and related property interests ("Property") described in **Exhibit A and Exhibits A-1 through A-4** hereto.

**B.** The Deed of Trust conveyed the Property to the Cyrus N. Ansari, Esq. (the "Trustee") in favor of U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership ("Original Beneficiary").

**C.** The Deed of Trust secures, among other indebtedness and obligations described therein, the payment of a Promissory Note ("Note") dated September 21, 2018 in the stated principal sum of $22,932,250.00, executed by the Grantors and payable to the order of the Beneficiary.

**D.** To further secure the Note, Grantors also executed and delivered to Original Beneficiary an Assignment of Leases and Rents (World Class – Austin Portfolio) (the "Assignment of Leases"). The Assignment of Leases was recorded as Document No. 2018151773 of the Official Public Records of Travis County, Texas. The liens, security interests and assignments of the Deed of Trust, the Assignment of Leases and of all other documents and instruments now or hereafter governing, evidencing, guaranteeing, or securing or otherwise relating to payment of all or any part of the indebtedness evidenced by the Note (collectively, the "Loan Documents") are hereinafter collectively

called the "Liens". By this reference, the Deed of Trust and the Assignment of Leases are hereby incorporated herein for all purposes.

**E.** Original Beneficiary transferred and assigned the Note, the Deed of Trust, the Assignment of Leases, the other Loan Documents and the Liens to U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership (the "Successor Beneficiary") pursuant to (i) that certain Assignment of Deed of Trust, Security Agreement and Financing Statement dated December 13, 2018, recorded as Document No. 2018192494 of the Official Public Records of Travis County, Texas, (ii) that certain Assignment of Assignment of Leases and Rents dated December 13, 2018, recorded as Document No. 2018192493 of the Official Public Records of Travis County, Texas, and (iii) that certain UCC-3 Financing Statement, recorded as Document No. 2018194163 of the Official Public Records of Travis County, Texas.

**F.** Successor Beneficiary transferred and assigned the Note, the Deed of Trust, the Assignment of Leases, the other Loan Documents and the Liens to **ATX Lender 5, LLC**, a Texas limited liability company ("Beneficiary") pursuant to (i) that certain Assignment of Mortgage/Deed of Trust and Assignment of Leases and Rents dated September 24, 2019, recorded as Document No. 2019148483 of the Official Public Records of Travis County, Texas, and (ii) that certain UCC-3 Financing Statement, recorded as Document No. 2019148645 of the Official Public Records of Travis County, Texas.

**G.** Beneficiary is the present legal and equitable owner and holder of the Note, the Deed of Trust and the Liens.

**H.** By instrument filed of record in the Clerk's Office, Beneficiary duly appointed me, Nicholas C. Miller, as Substitute Trustee ("Substitute Trustee").

**I.** The Note is due and payable and Beneficiary has demanded payment of all parties obligated to pay the Note according to the records of Beneficiary, and intends to have the power of sale set forth in the Deed of Trust enforced.

**J.** Beneficiary has directed that I, as Substitute Trustee, to enforce the power of sale under the Deed of Trust for the purpose of collecting the indebtedness set forth therein after giving notice of the time, place and terms of said sale, and the property to be sold, pursuant to the Deed of Trust and the laws of the State of Texas, on account of one or more defaults in the obligations secured by the Deed of Trust.

America:0024804/00130: 81468449v.2

3515056.v1

ATX000258

19-11527-tmd Doc#27-18 Filed 11/15/19 Entered 11/15/19 16:06:15 Exhibit 16 - Notice of Substitute Trustees Sale on November 5, 2019 dated Octob Pg 4 of 13

2019158067 Page 4 of 13

NOW, THEREFORE, in consideration of the foregoing, I hereby give notice as follows:

**NOTICE:**

I, Nicholas C. Miller, Substitute Trustee, after due posting, filing and service of this Notice, as required by the Deed of Trust and by the laws of the State of Texas, will sell the Property at public auction to the highest bidder or bidders for cash in Travis County, Texas (the County in which the real property covered and affected by the Deed of Trust is situated). The sale will be conducted at the west steps of the Travis County Courthouse at 1000 Guadalupe Street, Austin, Texas, that being the location designated by the Travis County Commissioners Court for sales of real property under powers of sale conferred by deeds of trust and other contract liens. The sale shall be conducted on the first Tuesday in November, 2019, the same being November 5, 2019. The sale will occur no earlier than 10:00 a.m. and will begin no later than three (3) hours after that time. At such public sale at auction, I will sell the real property described in **Exhibits A-1 through A-4** attached hereto. Notice is also hereby given that in accordance with the provisions of the Texas Business and Commerce Code and the Deed of Trust, all furniture, equipment, machinery and other items of personal property, tangible and intangible, and all rights, privileges and appurtenances thereto described in **Exhibit A** attached hereto, subject to the security interest of the Deed of Trust, shall also be sold together with such real property. The sale of the Property shall be made on an AS IS basis. NO WARRANTIES, EITHER EXPRESS OR IMPLIED, ARE OR SHALL BE MADE AS TO MERCHANTABILITY, HABITABILITY, FITNESS FOR PURPOSE, WORKMANSHIP OR QUALITY. No policy of title insurance will be furnished to the purchaser.

EXECUTED on October 10th, 2019.

_____
Nicholas C. Miller, Substitute Trustee

THE STATE OF TEXAS §
§
COUNTY OF TRAVIS §

This instrument was acknowledged before me on the 10th day of October, 2019, by Nicholas C. Miller.

JENNIFER THOMAS
NOTARY PUBLIC
ID# 12950950-2
State of Texas
Comm. Exp. 03-20-2022

_____
Notary Public, State of Texas

America:0024804/00130: 81468449v.2

3515056.v1

ATX000259

ATX000260

**Address of Substitute Trustee:**

Nicholas C. Miller
c/o Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512.480.5626
Fax: 512.536.9926
nmiller@gdhm.com

**Address of Beneficiary:**
ATX Lender 5, LLC
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Attention: Paul M. Pruett

America:0024804/00130: 81468449v.2

3515056.v1

### EXHIBIT A

A. All that certain land situated at (i) 504 E. 5th Street, Austin, Texas, and legally described on Exhibit A-1 attached hereto and incorporated herein by reference (the "5th Real Property"), (ii) 900 & 904 East Cesar Chavez Street, Austin, Texas, and legally described on Exhibit A-2 attached hereto and incorporated herein by reference (the "900 Cesar Chavez Real Property"), (iii) 905 & 907 East Cesar Chavez Street, Austin, Texas, and legally described on Exhibit A-3 attached hereto and incorporated herein by reference (the "905 Cesar Chavez Real Property"), and (iv) 7400 South Congress Avenue, Austin, Texas, and legally described on Exhibit A-4 attached hereto and incorporated herein by reference (individually and collectively, as the context may require, the "Land"), together with all of the easements, rights, privileges, franchises, tenements, hereditaments and appurtenances now or hereafter thereunto belonging or in any way appertaining and all of the estate, right, title, interest, claim and demand whatsoever of Borrowers therein or thereto, either at law or in equity, in possession or in expectancy, now or hereafter acquired;

B. All structures, buildings and improvements of every kind and description now or at any time hereafter located or placed on the Land (the "Improvements");

C. All furniture, furnishings, fixtures, goods, equipment, inventory or personal property owned by Borrowers and now or hereafter located on, attached to or used in and about the Improvements, including, but not limited to, all machines, engines, boilers, dynamos, elevators, stokers, tanks, cabinets, awnings, screens, shades, blinds, carpets, draperies, lawn mowers, and all appliances, plumbing, heating, air conditioning, lighting, ventilating, refrigerating, disposal and incinerating equipment, and all fixtures and appurtenances thereto, and such other goods and chattels and personal property owned by Borrowers as are now or hereafter used or furnished in operating the Improvements, or the activities conducted therein, and all building materials and equipment hereafter situated on or about the Land or the Improvements, and all warranties and guaranties relating thereto, and all additions thereto and substitutions and replacements therefor (exclusive of any of the foregoing owned or leased by tenants of space in the Improvements);

D. All easements, rights of way, strips and gores of land, vaults, streets, ways, alleys, passages, sewer rights, air rights and other development rights now or hereafter located on or appurtenant to the Land and/or the Improvements or under or above the same or any part or parcel thereof, and all estates, rights, titles, interests, tenements, hereditaments and appurtenances, reversions and remainders whatsoever, in any way belonging, relating or appertaining to the Land and/or the Improvements or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto, whether now owned or hereafter acquired by Borrowers;

E. All water, ditches, wells, reservoirs and drains and all water, ditch, well, reservoir and drainage rights which are appurtenant to, located on, under or above or used in connection with the Land and/or the Improvements, or any part thereof, whether now existing or hereafter created or acquired;

F. All minerals, crops, timber, trees, shrubs, flowers and landscaping features now or hereafter located on, under or above the Land;

G. All cash funds, deposit accounts and other rights and evidence of rights to investments or cash, now or hereafter created or held by Beneficiary pursuant to the Deed of Trust or any other of the Loan Documents (as defined in the Deed of Trust), including, without limitation, all funds now or hereafter on deposit in any reserves or accounts held by or on behalf of Beneficiary pursuant to the Deed of Trust or any other of the Loan Documents (including, without limitation, the reserves established pursuant to Article I of the Deed of Trust) (collectively, the "Reserves");

H. All leases (including, without limitation, oil, gas and mineral leases), licenses, rental agreements, concessions and occupancy agreements of all or any part the Land and/or the Improvements now or hereafter entered into (each, a "Lease" and collectively, "Leases"), and all rents, royalties, issues, profits, revenue, income and other benefits (collectively, the "Rents and Profits") of the Land and/or the Improvements, now or hereafter arising from the use or enjoyment of all or any portion thereof or from any present or future Lease or other agreement pertaining thereto or arising from any of the Contracts (as defined in the Deed of Trust) or any of the General Intangibles (as defined in the Deed of Trust) and all cash or securities deposited to secure performance by the tenants, lessees, licensees or occupants (each, a "Tenant" and collectively, "Tenants"), as applicable, of their obligations under any such Leases, whether said cash or securities are to be held until the expiration of the terms of said Leases or applied to one or more of the installments of rent coming due prior to the expiration of said terms;

I. All contracts and agreements now or hereafter entered into covering any part of the Land and/or the Improvements (except Leases), together with any management agents, leasing agents, sales agents, service and maintenance agents, contractors and other third parties (collectively, the "Contracting Parties", or, singularly, a "Contracting Party"), whether now existing or hereafter arising, relating to the management, operation, leasing, sale, maintenance and repair of the Land and Improvements, including, without limitation, management agreements, franchise agreements, equipment leases and personal property leases (collectively, the "Contracts" or, singularly, a "Contract") and all revenue, income and other benefits thereof, including, without limitation, management agreements, service contracts, maintenance contracts, equipment leases, personal property leases and any contracts or documents relating to construction on any part of the Land and/or the Improvements (including plans, drawings, surveys, tests, reports, bonds and governmental approvals) or to the management or operation of any part of the Land and/or the Improvements;

J. Any and all warranties and guaranties relating to the Property or any fixtures, equipment or personal property owned by Borrowers and located on and/or used in connection with the Property, whether now existing or hereafter arising; and any and all permits, licenses, certificates of use and occupancy (or their equivalent) and applications and approvals issued by any governmental authority or agency relating to the construction, ownership, operation and/or use of the Property, to the extent assignable, whether now existing or hereafter arising (collectively, the "Warranties");

K. All present and future deposits given to any public or private utility with respect to utility services furnished to any part of the Land and/or the Improvements;

L. All present and future funds, accounts, instruments, accounts receivable, documents, causes of action, claims, general intangibles (including without limitation, patents, copyrights, trademarks, trade names, service marks and symbols now or hereafter used in connection with any part of the Land and/or the

America:0024804/00130: 81468449v.2

3515056.v1

ATX000262

19-11527-tmd Doc#27-18 Filed 11/15/19 Entered 11/15/19 16:06:15 Exhibit 16 - Notice of Substitute Trustees Sale on November 5 2019 dated Octob Pg 8 of 13

2019158067 Page 8 of 13

Improvements, all names by which the Land or the Improvements may be operated or known, all rights to carry on business under such names, and all rights, interest and privileges which Borrowers has or may have as developer or declarant under any covenants, restrictions or declarations now or hereafter relating to the Land and/or the Improvements) and all notes or chattel paper now or hereafter arising from or by virtue of any transactions related to the Land and/or the Improvements (together with the Contracts, and the Warranties, collectively, the "General Intangibles");

M. All water taps, sewer taps, certificates of occupancy, permits, licenses, franchises, certificates, consents, approvals and other rights and privileges now or hereafter obtained in connection with the Land and/or the Improvements and all present and future warranties and guaranties relating to the Improvements or to any equipment, fixtures, furniture, furnishings, personal property or components of any of the foregoing now or hereafter located or installed on the Land and/or the Improvements;

N. All building materials, supplies and equipment now or hereafter placed on the Land and/or in the Improvements and all architectural renderings, models, drawings, plans, specifications, studies and data now or hereafter relating to the Land and/or the Improvements;

O. All right, title and interest of Borrowers in any insurance policies or binders now or hereafter referred to in clauses (A)-(N) and (P)-(R) of the Deed of Trust, including any unearned premiums thereon;

P. All proceeds, products, substitutions and accessions (including without limitation, claims and demands therefor) of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims, including, without limitation, proceeds of insurance and condemnation awards;

Q. All present and future tax refunds relating to the Property. The term "Tax" includes, without limitation, all real estate and personal property taxes, assessments and impositions, whether special or general, and any similar governmental charges or assessments that are levied upon the Property; and

R. All other or greater rights and interests of every nature in the Land and/or the Improvements and in the possession or use thereof and income therefrom, whether now owned or hereafter acquired by Borrowers.

19-11527-tmd Doc#27-18 Filed 11/15/19 Entered 11/15/19 16:06:15 Exhibit 16 - Notice of Substitute Trustees Sale on November 5 2019 dated Octob Pg 9 of 13

2019158067 Page 9 of 13

ATX000264

## EXHIBIT A-1

DESCRIPTION OF 5th REAL PROPERTY

TRACT 1: Lot 2, Block 60 of the Original City of Austin, Travis County, Texas, according to the Plat on file at the General Land Office of the State of Texas, SAVE AND EXCEPT the West 18 inches of the South 40 feet 6 inches as described in instrument recorded in Volume 365, Page 403 of the Deed Records of Travis County, Texas.

TRACT 2: Lots A and B, LINAM NO. 1, a subdivision in Travis County, Texas, according to the map or plat thereof, recorded in Volume 80, Page 182 of the Plat Records of Travis County, Texas.

America:0024804/00130: 81468449v.2

3515056.v1

**EXHIBIT A-2**

DESCRIPTION OF 900 CESAR CHAVEZ REAL PROPERTY

Lots 1, 2, 3 and 4, Block 4, JAMES HARRINGTON'S SUBDIVISION OF OUTLOT 17, DIVISION "O", according to the map or plat thereof, recorded in Volume X, Page 636, Plat Records, Travis County, Texas.

America:0024804/00130: 81468449v.2

3515056.v1

**ATX000265**

## EXHIBIT A-3

DESCRIPTION OF 905 CESAR CHAVEZ REAL PROPERTY

Lots 8 and 9, Block 1, R. W. MAGUIRE'S SUBDIVISION OF OUTLOTS 31 AND 32, DIVISION O, a subdivision in Travis County, Texas, according to the map or plat thereof, recorded in Volume 2, Page 165 of the Plat Records of Travis County, Texas, as further affected by Boundary Line Agreement and Special Warranty Deed dated January 4, 2002, recorded under Document No. 2002008652 of the Official Public Records of Travis County, Texas.

America:0024804/00130: 81468449v.2

3515056.v1

ATX000266

### EXHIBIT A-4

DESCRIPTION OF 7400 SOUTH CONGRESS AVENUE REAL PROPERTY

Tract 1:

ALL THAT CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATED IN TRAVIS COUNTY, TEXAS, BEING 5.133 ACRES OF LAND LOCATED IN THE WILLIAM CANNON LEAGUE, ABSTRACT NO. 6, IN THE CITY OF AUSTIN, TRAVIS COUNTY, TEXAS, BEING A PORTION OF A 5.65 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING at an iron pin found at the northwest corner of the above mentioned 5.65 acre tract of land, said point being in the east line of Meadowcreek, Section 2, Phase 2, a subdivision in Austin, Travis County, Texas according to the plat recorded in Book 71, Page 31, of the Travis County Plat Records and from which point an trot pin found at the southeast corner of Lot 8 Block H, Meadowcreek, Section 2, Phase 2, bears South 71 deg.17'00" East, 91.80 feet;

THENCE with the north line of said 5.65 acre tract, South 71 deg.17'00" East, 710.20 feet to an iron pin found for the northeast corner of said 5.113 acre and hereof, and from which point an iron pin found at the northeast corner of a 1.44 acre tract;

THENCE South 14 deg.32' West, 310.50 feet to an iron pin found for the southeast corner of said 5.113 acre tract and hereof, and southwest corner of said 1.440 acre tract; pin being on north line of 2.2686 acre tract of Humble Pipe Line Co.

THENCE with the north line of said Humble Pipe Line Co. tract, North 75 deg.28'00" West, 622.23 feet to an iron pin found in the east line of Meadowcreek, Section 2, Phase 2, for the southwest corner of said 5.65 acre tract and hereof, and for the northwest corner of the Humble Pipe Line Co. Tract;

THENCE with the east line of Meadowcreek, Section 2, Phase 2, North 01 deg.10'00" East at 102.98 feet passing the northwest corner of Lot 5, Block M, Meadowcreek, Section 2 Phase 2, in all a distance of 372.40 feet to the POINT OF THE BEGINNING, containing in all 5.113 acres of land more or less.

Tract 2:

BEING A TRACT OR PARCEL OF LAND SITUATED IN TRAVIS COUNTY, TEXAS, BEING OUT OF AND A PART OF THE WILLIAM CANNON LEAGUE, ABSTRACT NO. 6, IN THE CITY OF AUSTIN, TRAVIS COUNTY, TEXAS, OUT 5.65 ACRE TRACT AND A .09 ACRE TRACT, DESCRIBED BY THE BOUNDARY LINE AGREEMENT RECORDED IN VOLUME 4862, PAGE 1328 OF THE TRAVIS COUNTY DEED RECORDS, AND BEING THE SAME TRACT OF LAND DESCRIBED AS TRACT 2 IN A DEED FROM ISAM KUSSAD AND JOYCE KUSSAD, HUSBAND AND WIFE, TO SERGIO LOZANO-SANCHEZ AND MARION SANCHEZ-LOZANO, DATED FEBRUARY 19, 2003 AND

America:0024804/00130: 81468449v.2

3515056.v1

19-11527-tmd Doc#27-18 Filed 11/15/19 Entered 11/15/19 16:06:15 Exhibit 16 - Notice of Substitute Trustees Sale on November 5 2019 dated Octob Pg 13 of 13

2019158067 Page 13 of 13

RECORDED IN 2003045409 OF THE OFFICIAL PUBLIC RECORDS OF TRAVIS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING at a 1/2" iron rod found in the Southeast corner of this tract, and in the west right-of-way line of U.S. Highway 81 (South Congress Avenue), and the Northeast corner of that 2.2686 tract of land conveyed to Humble Pipeline Company by deed recorded in Volume 993, Page 101 of the Deed

Records of Travis County, Texas, and which point is also POINT OF BEGINNING of the herein described tract;

THENCE with the South line of this tract and the north line of the Humble Pipeline Company tract North 75°32'24" West at a distance of 376.78 feet to a 1" iron pipe found at the Southwest corner of this tract and the Southeast corner of a 4.95 acre tract of land conveyed to Pecan Grove Joint Venture by deed recorded in Volume 7581, Page 179 of the Deed Records of Travis County, Texas;

THENCE with the west line of this tract and the east line of the Pecan Grove Joint Venture tract North 14 deg.35'56" East at a distance of 309.60 feet to a 1/2" iron rod found at the Northwest corner of this tract and the Northeast corner of the Pecan Grove Joint Venture tract, and a point in the south line of Lot 1A of Sarah Ann Fritts Subdivision;

THENCE with the North line of this tract and the south line of Lot 1A of Sarah Ann Fritts Subdivision South 71 deg.14'57" East at a distance of 31.27 feet to a 1/2" iron rod found at the Northeast corner of this tract and the Northwest corner of Lot 1 of The Ennis Subdivision, a Travis County subdivision recorded in Volume 82, Page 20, Plat Records, Travis County, Texas;

THENCE with the East line of this tract and the west line of Lot 1 of The Ennis Subdivision South 06 deg.08'54" West at a distance of 155.84 feet to a 1/2" iron rod found at a corner of this tract in the North line of this tract and the Southwest corner of Lot 1 of The Ennis Subdivision;

THENCE with the North line of this tract and the south line of Lot 1 of The Ennis Subdivision South 73 deg.11'02" East at a distance of 324.92 feet to a 1/2" iron rod found at the Northeast corner of this tract and the Southeast corner of Lot 1 of The Ennis Subdivision, and in the west right-of-way line of U.S. Highway 81 (South Congress Avenue);

THENCE with the East line of this tract and the west line of U.S. Highway 81 (South Congress Avenue) South 15 deg.24'48" West at a distance of 139.72 feet to a 1/2" iron rod found in the Southeast corner of this tract, and in the west right-of-way line of U.S. Highway 81 (South Congress Avenue), and the Northeast corner of the Humble Pipeline Company tract, and being the POINT OF BEGINNING, containing 1.4296 acres of land, more or less.

Tract 3:

Lot 1, of ENNIS SUBDIVISION, an addition in Travis County, Texas, according to the map or plat thereof recorded in Plat Book 82, Page 20, of the Plat Records of Travis County, Texas.

America:0024804/00130: 81468449v.2

3515056.v1

**ATX000268**