IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| 900 Cesar Chavez, LLC, | § | Case No. 19-11527-tmd |
| | § | |
| 905 Cesar Chavez, LLC, | § | Case No. 19-11528-tmd |
| | § | |
| 5th and Red River, LLC, | § | Case No. 19-11529-tmd |
| | § | |
| 7400 South Congress, LLC, | § | Case No. 19-11530-tmd |
| | § | (*Jointly Administered Under* |
| Debtors. | § | *Case No. 19-11527-tmd*) |

## CORRECTED[1] DEBTORS' OBJECTION TO PROOFS OF CLAIM NO. 2 OF ATX LENDER 5, LLC, WITH NOTICE THEREOF

**This is an objection to your claim in this bankruptcy case. This objection asks the Court to disallow (eliminate), reduce, or modify your claim as set forth in this objection. If you do not file a written response to this objection within 30 days from the date of mailing of this objection, the Court may disallow (eliminate), reduce, or modify your claim as set forth in this objection, without a hearing being held.**

**Any response to this objection must explain your position and be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the objection and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the objection to your claim.**

**TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") file this Objection ("**Objection**") to the proof of claim filed by ATX Lender 5, LLC ("**ATX**") (Proof of Claim No. 2)[2] in each of the Debtors' cases.

---

[1] The original objection was inadvertently filed without the service list or the exhibit attached. No other changes to the original objection have been made.

[2] Hereinafter referred to as the "**Claim**". ATX filed identical claims in each of the Debtors' cases. A true and correct copy of the Claim (excluding Attachments 2, 3 and 4) filed in the 900 Cesar Chavez, LLC case is attached hereto as **Exhibit A**.

4836-2639-4846.1-2639-4846.1

**Summary of Relief Requested**

1. Debtor anticipates that ATX will assert as part of its Claim: (i) regular and default interest after December 18, 2020, (ii) exit fees and late fees that constitute penalties which are not allowed, (iii) at least $879,554.04 in legal fees[3], and (iv) other amounts that were included in its filed Claim, for which there is no reasonable backup, as further detailed below. Debtors assert that certain of those amounts are not reasonable or necessary as required under the loan documents and under 11 U.S.C. § 506(b).

**Jurisdiction and Venue**

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are §§ 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Rules 9013 and 3007 of the Bankruptcy Local Rules for the Western District of Texas (the "**Bankruptcy Local Rules**").

**Background**

**A.   Incorporation of Articles II and III of the Debtors' Disclosure Statement.**

4. Debtors incorporate by reference Article II of the Debtors' Disclosure Statement (the "**Disclosure Statement**") entitled "Debtors' Background and Financial Picture" and Article III of the Disclosure Statement entitled "Proceedings in the Chapter 11 Cases". *See* Dkt. No. 410. These incorporated portions of the Disclosure Statement provide a detailed accounting of the events giving rise to these bankruptcy cases and the activity in these bankruptcy cases.

---

[3] This is the alleged amount of Lender's fees as of November 30, 2020. The amount claimed is assuredly higher as of the filing of this Objection.

4836-2639-4846.1-2639-4846.1

**B.     The Lender's Proof of Claim and Payoff Statement**

5. On March 9, 2020, ATX filed its Claim. *See* Exhibit A and Claims Register. Attachment 1 to the Claim provides a "Calculation of Secured Claim". Among other line items, ATX asserts "attorneys' fees and costs" of $71,630.37. *See* Attachment 1 to Claim. The basis for the attorneys' fees and costs is cited as the Loan Agreement at §9.1 and §12.10, and Note at §4(c). *Id.*

6. On November 30, 2020, Lender provided a payoff statement to the Debtors indicating legal fees of $879,554.04. Debtors anticipate that ATX will amend its claim to seek such fees, and will likely seek additional fees incurred after November 30, 2020.

7. Additionally, the Claim and the Payoff statement seek recovery of default rate interest, late fees and an "Exit Fee" for which no calculations are provided.

## Objection

8. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). To receive the benefit of prima facie validity, however, a proof of claim must assert factual allegations which would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock*

*Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong,* 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

9. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fe. R. Bankr. P. 3007(a).

10. Legal fees sought by a secured creditor are subject to the same standards as an estate professional. *Blackburn-Bliss Trust v. Hudson Shipbuilders, Inc. (In re Hudson Shipbuilders, Inc.),* 794 F.2d 1051, 1058 (5th Cir. 1986). Moreover, the test "is not simply a showing that the secured dreditor believed the services were necessary." *In re Cummins Utility, L.P.,* 279 B.R. 195, 204-05 (Bankr. N.D. Tex. 2002). Courts have reduced a secured creditor's fees where the creditor was overzealous and took actions not that were not necessary or reasonably motivated by attempting to preserve its debt and lien. *See, e.g., First Bank of Ohio v. Brunswick Apts. of Trumbull County, Ltd. (In re Brunswick Apts. of Trumbull County, Ltd.*, 215 B.R. 520, 524 (6th Cir. BAP 1998), *aff'd* 169 F.3d 333 (6th Cir. 1999); *In re Reorganized Lake Diamond Associates, LLC*, 367 B.R. 858, 870-71 (Bankr. M.D. Fla. 2007). ATX is not entitled to $879,554.04+ in legal fees because there has been no showing that such fees are reasonable and necessary. Further, Debtors dispute such fees as necessary and reasonable as ATX incurred unnecessary fees throughout these chapter 11 cases in an overzealous effort to capture Debtors' properties. ATX has not been acting to simply get paid on the debt, and its tactics from the beginning have been a course of scorched earth in an attempt to obtain ownership of Debtors' properties. Debtor has not received the fee bills so at this time cannot identify the specific entries. However, the Court has itself noted at various hearings the overly-aggressive tactics employed by ATX, including, but not

limited to, actively thwarting the sales process. Moreover, if ATX's goal was simply to get paid on the debt it purchased, it would have been paid in December.

11. Alternatively, to the extent that ATX takes the position that it is undersecured, and the Court makes that determination, ATX is not entitled to postpetition fees or costs pursuant to 11 U.S.C. §506(b).

12. Debtor further objects to the following elements of the Claim:

   a. Though an aggregate amount is listed for Default interest in the Claim, neither the rate nor the date range for such amount are disclosed, nor is a *per diem* provided.

   b. There is no calculation in the Claim provided for the "late fees," and it is not possible to determine how they were calculated.

   c. To the extent that the late fees and Exit Fee are postpetition, Debtor objects that such amounts constitute penalties that cannot be collected.

   d. Debtor objects to the continued accrual of regular and default interest, fees (including attorneys' fees and costs) and other loan fees from and after December 18, 2020, when ATX would have been paid in full by the transaction proposed for the Debtor's properties.

13. **Reservation**: The Debtors hereby reserve the right to object in the future to the Claim and amounts listed in this Objection or the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Additionally, with respect to the legal fees, Debtor reserves the right to challenge specific time entries and categories when it obtains full fee bills from ATX. A separate notice and hearing will be scheduled for any such objection.

14. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code against holders of claims subject to the Objection or (b) exercise their right of setoff against the holders of such claims related to such avoidance actions.

## PRAYER

**WHEREFORE,** the Debtors respectfully requests that the Court disallow the Claim as set forth herein and grant such other and further relief as the Court deems just.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Mark C. Taylor*
    Morris D. Weiss
    State Bar No. 21110850
    Morris.weiss@wallerlaw.com
    Mark C. Taylor
    State Bar No. 19713225
    Mark.taylor@wallerlaw.com
    William R. "Trip" Nix
    State Bar No. 24092902
    Trip.nix@wallerlaw.com
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    Telephone: (512) 685-6400
    Telecopier: (512) 685-6417

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION**

4836-2639-4846.1-2639-4846.1

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 25, 2021, a true and correct copy of the foregoing document was served via the Court's ECF e-mail notification or by United States First Class Mail, and on the Claimant as listed below:

**Via ECF and Regular Mail**
ATX Lender 5, LLC
c/o W. Steven Bryant
600 Congress Ave., Ste. 2200
Austin, TX 78701

                                               */s/ Mark C. Taylor*
                                               Mark C. Taylor

# SERVICE LIST

**Debtors**
900 Cesar Chavez, LLC, et al.
814 Lavaca Street
Austin, TX 78701

**Government Entities**
Internal Revenue Service
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

Texas Comptroller of Public Accounts
Revenue Accounting Division - Bankruptcy
P.O. Box 13528 Capitol Station
Austin, TX 78711

Travis County Attorney's Office
Attn: Jason A. Starks (*via ECF*)
P.O. Box 1748
Austin, TX 78767

Travis County Tax Assessor
Attn: Bruce Elfant
5501 Airport Blvd
Austin, TX 78751

United States Trustee (*via ECF*)
903 San Jacinto, Ste. 230
Austin, TX 78701

**Secured Creditors**
ATX Lender 5, LLC
600 Travis, Suite 2800
Houston, TX 77002

ATX Lender 5, LLC
c/o Locke Lord LLP
Attn: Paul Pruett and Jonathan Pelayo
2800 JPMorgan Chase Tower
600 Travis
Houston, TX 77002

ATX Lender 5, LLC
c/o Locke Lord LLP
Attn: Kent Hoffman and Daniel Durell
600 Congress Ave., Ste. 2200
Austin, TX 78701

U.S. Real Estate Credit Holdings III
11755 Wilshire Blvd., Suite 1425
Los Angeles, CA 90025

U.S. Real Estate Credit Holdings III-A
11755 Wilshire Blvd., Suite 1425
Los Angeles, CA 90025

U.S. Real Estate Credit Holdings III
c/o Graves Dougherty Hearon & Moody, PC
Attn: Brian T. Cumings and Nicholas Miller
401 Congress Ave., Suite 2700
Austin, TX 78701

U.S. Real Estate Credit Holdings III
c/o Safarian Choi & Bolstad LLP
Attn: Alex Grigorians and Alex Choi
555 S. Flower Street, Suite 650
Los Angeles, CA 90071

**Unsecured Creditors and Other Parties in Interest**
Beckett Electrical Svcs, LLC
P.O. Box 81381
Austin, TX 78708

Capital Title of Texas
6850 Austin Center Blvd, Ste. 127
Austin, TX 78731

City of Austin
P.O. Box 2267
Austin, TX 78783-2267

Hospitality Parking, LLC
Attn: Mike Ayoub
222 West Ave., Suite 200
Austin, TX 78701

Rastegar Property Company, LLC
1705 S. Capital of Texas Hwy, Ste. 320
Austin, TX 78746

Studio 8 Architects, Inc
611 W 15th St
Austin, TX 78701

035500-90020/4835-3025-3740.1

Westlake Industries, LLC
11500 Metric Blvd, Suite 285
Austin, TX 78758

World Class Capital Group, LLC
814 Lavaca St.
Austin, TX 78701

Reagan National Advertising of Austin, Inc.
7301 Burleson Road
Austin, TX 78741

WCRE Management, LLC
814 Lavaca Street
Austin, TX 78701

**Parties Requesting Service**
ATX Lender 5, LLC (*via ECF*)
c/o Locke Lord LLP
Attn: W. Steven Bryant
600 Congress Ave., Ste. 2200
Austin, TX 78701

Reagan National Advertising of Austin (*via ECF*)
c/o Savrick, Schumann, Johnson, et al
Attn: Mitchell D. Savrick
4330 Gaines Ranch Loop, Suite 150
Austin, TX 78735

Comptroller of Public Accounts Austin (*via ECF*)
c/o Kimberly A. Walsh
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P.O. Box 12548
Austin, Texas 78711-2548

RPC 7400 South Congress LLC (*via ECF*)
c/o David R. Eastlake, Esq.
Greenberg Traurig LLP
1000 Louisiana St., Suite 1700
Houston, Texas 77002

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1: 900 Cesar Chavez, LLC

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Western District of Texas

Case number: 19-11527

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

ATX Lender 5, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☒ Yes. From whom? U.S. Real Estate Credit Holdings III, LP

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

W. Steven Bryant, Esq.
Name
600 Congress Ave., Suite 2200
Number        Street
Austin           TX       78701
City             State      ZIP Code

Contact phone 512-305-4726
Contact email sbryant@lockelord.com

Where should payments to the creditor be sent? (if different)

John A. Kiltz
Name
3200 Gracie Kiltz Lane, Suite 500
Number        Street
Austin           TX       78758
City             State      ZIP Code

Contact phone 512.236.0004
Contact email info@stonelake.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                                **Proof of Claim**                              page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   - ☐ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $_____19,060,086.92_____. **Does this amount include interest or other charges?**
   - ☐ No
   - ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
   
   See Attachment "1"

8. **What is the basis of the claim?**
   
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   
   Limit disclosing information that is entitled to privacy, such as health care information.
   
   Loan and Credit Documents; See Attachments "1" and "2"

9. **Is all or part of the claim secured?**
   - ☐ No
   - ☑ Yes. The claim is secured by a lien on property.
   
   **Nature of property:**
   - ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   - ☐ Motor vehicle
   - ☐ Other. Describe: _____
   
   **Basis for perfection:** See Attachments "1" and "3"
   
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)
   
   **Value of property:** In excess of $___19,060,086.92___ (including all property of all four jointly administered Debtors)
   
   **Amount of the claim that is secured:** $___19,060,086.92___
   
   **Amount of the claim that is unsecured:** $_____0.00_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)
   
   **Amount necessary to cure any default as of the date of the petition:** $_____
   See Attachment "1" and "4"
   
   **Annual Interest Rate** (when case was filed) _____%
   - ☐ Fixed
   - ☑ Variable

10. **Is this claim based on a lease?**
    - ☑ No
    - ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**
    - ☑ No
    - ☐ Yes. Identify the property: _____

Official Form 410          **Proof of Claim**          page 2

## 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No
☐ Yes. *Check one:*   Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/05/2020
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name       John A. Kiltz
           First name    Middle name    Last name

Title      Vice President

Company    ATX Lender 5, LLC
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    3200 Gracie Kiltz Lane, Suite 500
           Number        Street
           Austin                                TX        78758
           City                                  State     ZIP Code

Contact phone  512.236.0004              Email  info@stonelake.com

Official Form 410                Proof of Claim                        page 3

## ATTACHMENT "1"

**Claimant:** ATX Lender 5, LLC ("Claimant" or "ATX")

**Debtor:** 900 Cesar Chavez, LLC

**Supporting Documentation:**

Supporting documentation and detail for this Claim is voluminous. The following and the attached are summaries of the claim and applicable documentation. Additional documentation has been separately produced to the Debtors, and/or may be available to the Debtors for inspection and/or production upon request.

All capitalized terms used herein are defined as set forth below. As referenced below, copies of certain of the Credit Documents (the Note and Loan Agreement) are attached as Attachment "2" to this Claim. Evidence of recording of the Deed of Trust (and other recorded documents referenced below) is attached as Attachment "3" to this Claim. A copy of the Loan History provided by the Original Lender Affiliate is attached as Attachment "4" to this Claim.

**Calculation of Secured Claim:**

ATX asserts a secured claim (the "Claim") as of the Petition Date of November 4, 2019 in the amount of $19,060,086.92, calculated as follows:

| Amounts Due as of 11/4/2019 | |
|---|---|
| Unpaid principal balance | $ 17,858,636.54 |
| Unpaid interest – *See* Note at §1(d) | $ 642,515.27 |
| Unpaid default interest – *See* Note at §4(b) | $ 315,006.66 |
| Late charges - *See* Note at §4(b) | $ 21,913.63 |
| Late reporting fee - *See* Loan Agreement at §10.1(b) | $ 23,000.00 |
| Unused commitment fee - *See* Note at §1(a)(iii) | $ 7,754.95 |
| Servicing Fees - *See* Loan Agreement at §9.1 | $ 4,968.25 |
| Exit Fee – as defined in Note at §12 | $ 114,661.25 |
| Attorneys' fees and costs - *See* Loan Agreement at §9.1 and §12.10, and Note at §4(c) | $ 71,630.37 |
| **Total** | **$ 19,060,086.92** |

The Claim is secured by first priority liens and interests in the Properties (defined below) and in all other "Collateral" as defined in the Deed of Trust (defined below).

**Basis for Claim:**

On September 21, 2018, 900 CESAR CHAVEZ, LLC, 905 CESAR CHAVEZ, LLC, 5TH AND RED RIVER, LLC, and 7400 SOUTH CONGRESS, LLC (collectively, the "Debtors" and, individually, a "Debtor") executed that certain $22,932,250 Promissory Note (the "Note") in favor of U.S. Real Estate Credit Holdings III-A, LP ("Original Lender"). The Note evidenced a $22,932,250 commercial real-estate loan (the "Loan") from the Original Lender to

1

82552463v.3

the Debtors. The Loan was memorialized in, among other things, a Loan Agreement, dated September 21, 2018 (the "Loan Agreement"), between the Original Lender and the Debtors. Although the original commitment under the Note was $22,932,250, the draw amount received by the Debtors at closing was $16,832,250, as reflected in the Borrower's Statement (the "9/21/2018 Borrower's Statement") executed at closing.

The Debtors used the $16,832,250 in funded Loan proceeds (and some cash sourced separately) to purchase what are now their only assets, the following tracts of commercial real property: (1) 504 East 5th Street in Austin, Texas, (2) 900 and 904 East Cesar Chavez Street in Austin, Texas, (3) 905 and 907 East Cesar Chavez Street in Austin, Texas, and (4) 7400 South Congress Avenue in Austin, Texas (collectively, the "Properties" or, individually, a "Property"). Further, under the Note and Loan Agreement, the Debtors could draw on the $6,100,000 balance of the Note's unfunded commitment to apply up to $4,750,000 to future capital expenditures on the 5th and Red River Property and up to $1,350,000 to pay scheduled interest payments on the Note.

To secure the Loan, the Debtors provided the Original Lender with a deed of trust, lien, and security interest against the Properties (and all associated improvements and personal property) (collectively, the "Liens") in accordance with, among other things, that certain Deed of Trust, Security Agreement, and Financing Statement, dated September 21, 2018 (the "Deed of Trust"). The Deed of Trust was recorded in the real property records of Travis County, Texas (the "Travis County Records") on September 25, 2018 under Recording No. 2018151772. In addition to executing the Deed of Trust, the Debtors also assigned all rents, proceeds, deposits, agreements, and other amounts associated with the Properties to the Original Lender (collectively, the "Rental Rights") under a certain Assignment of Leases and Rents, dated September 21, 2018 (the "Proceeds Assignment"). The Note, Loan Agreement, Deed of Trust, and Proceeds Assignment, along with all other financing statements, agreements, instruments and related documents are collectively referred to herein as the "Loan Documents". The Proceeds Assignment was recorded in the Travis County Records on September 25, 2018 under Recording No. 2018151773. (Together, the Liens and Rental Rights are referred to as the "Liens and Rights".)

On or about December 13, 2018, the Original Lender assigned its entire interest in the Loan, the Loan Documents, and the Liens and Rights to an affiliate, U.S. Real Estate Credit Holdings III, LP (the "Original Lender Affiliate"). In furtherance of this assignment, the Original Lender and/or the Original Lender Affiliate executed, among other things, the following documents: (1) that certain Assignment and Assumption of Loan Interest, dated December 13, 2018 (the "Affiliate Assignment Agreement"), between the Original Lender and the Original Lender Affiliate, (2) an Allonge, dated December 13, 2018 (the "Affiliate Allonge") executed by the Original Lender in favor of the Original Lender Affiliate, (3) that certain Assignment of Deed of Trust, Security Agreement, and Financing Statement, dated December 13, 2018 (the "Affiliate DOT Assignment") between the Original Lender and the Original Lender Affiliate, and (4) that certain Assignment of Assignment of Leases and Rents, dated December 13, 2018 (the "Affiliate Assignment—Proceeds") between the Original Lender and the Original Lender Affiliate. The Affiliate DOT Assignment was recorded in the Travis County Records on December 14, 2018

2

under Recording No. 2018192494. The Affiliate Assignment—Proceeds was recorded in the Travis County Records on December 14, 2018 under Recording No. 2018192493.

By July 2019, the Debtors were in default. After the Debtors entered into the Loan in September 2018, the Debtors never made a single payment of principal or interest. Instead, as noted above, the Note and Loan Agreement allowed the Debtors to draw down from the Loan up to an additional $1,350,000 to make interest payments, and the Debtors exercised this option until this amount was nearly exhausted. In July 2019, the Debtors failed to make two (2) required payments to the Original Lender Affiliate under the Loan Documents and Affiliate Assignment Documents: (1) the monthly principal and interest payment due under the Note on July 1, 2019, and (2) a mandatory $550,000 principal pre-payment on July 6, 2019 that the Debtors were required to pay because of their failure to satisfy certain construction covenants under the Loan Agreement. (*See* Loan Agreement, § 9.21) . Thereafter, the Original Lender Affiliate sent the Debtors, Mr. Nate Paul ("Mr. Paul"), and the Debtors' legal counsel multiple default notices as well as a notice of intent to accelerate and a notice accelerating all principal and interest due on the Note. On September 23, 2019, a month after the Note had been accelerated, Mr. Paul admitted that the Debtors were in default, stating that the Debtors hoped to "get [the] loan back in good standing," while offering to pay only a fraction of the amounts that were due.

As of September 24, 2019, the Original Lender Affiliate had sold one hundred percent (100%) of its interest in the Loan, the Loan Documents, the Affiliate Assignment Documents, and the associated Liens and Rights to ATX. In connection with this sale, the Original Lender Affiliate and ATX executed, inter alia, the following documents: (1) that certain Loan Purchase and Sale Agreement, dated September 20, 2019, between ATX and the Original Lender Affiliate (the "ATX Loan Purchase Agreement"), (2) that certain Assignment and Assumption Agreement, dated September 24, 2019 (the "ATX Assignment Agreement") between ATX and the Original Lender Affiliate, (3) an Allonge, dated September 24, 2019 (the "ATX Allonge"), executed by the Original Lender Affiliate in favor of ATX, and (4) that certain Assignment of Mortgage/Deed of Trust and Assignment of Rents and Leases, dated September 24, 2019 (the "ATX DOT/Proceeds Assignment") between the Original Lender Affiliate and ATX. The ATX Loan Purchase Agreement, the ATX Assignment Agreement, the ATX Allonge, the ATX DOT/Proceeds Assignment, and all other financing-statement assignments, agreements, instruments, and related documents are collectively referred to herein as the "ATX Assignment Documents". The Loan Documents, the Affiliate Assignment Documents, and the ATX Assignment Documents are collectively referred to herein as the "Credit Documents". The ATX DOT/Proceeds Assignment was recorded in the Travis County Records on September 25, 2019 under Recording No. 2019148483.

In the weeks following ATX's acquisition, and in response to multiple requests from Mr. Brian Elliott, in-house corporate counsel to World Class Capital Group ("WCCG"), ATX provided the Debtors with multiple, current payoff statements identifying the amount due under the Note. As a courtesy to the Debtors, ATX also declined to commence foreclosure proceedings against the Properties on October 1, 2019 based upon a previous notice of sale posted by the Original Lender Affiliate. Thereafter, and with the events of default still uncured, ATX provided the Debtors on October 10, 2019 with a Notice of Substitute Trustee's Sale of the non-judicial foreclosure sale scheduled for November 5, 2019 (the "Notice of Foreclosure Sale"). This Notice

3

of Foreclosure Sale was provided well in advance of the 21-day advance notice required under Texas law.

On October 31, 2019, the Debtors filed a lawsuit against ATX styled 900 Cesar Chavez, LLC, 905 Cesar Chavez, LLC, 5th and Red River, LLC, and 7400 South Congress, LLC v. ATX Lender 5, LLC, Cause No. D-1-GN-19-007562 (the "State Court Lawsuit") in the 345th Judicial District Court of Travis County, Texas (the "State Court"). Among other things, the Debtors requested a temporary restraining order ("TRO") against ATX's effort to foreclose its Liens and Rights on the theory that ATX owed a fiduciary duty to the Debtors as their lender. At a hearing on the TRO request on November 1, 2019 (the "TRO Hearing"), the presiding judge denied the requested TRO.

At the time that ATX acquired the Loan, the Original Lender Affiliate provided ATX with the payment and transaction history for the Note and the associated indebtedness owed by the Debtors to the Original Lender Affiliate, including the loan-transaction history ("Loan History") provided to ATX by the Original Lender Affiliate on or about September 24, 2019. A copy of the Loan History is attached as Attachment "4." The Loan History reflects the loan disbursements, loans advances, payments, charges, fees and expenses incurred by the Debtors in connection with the Note as of September 18, 2019.

As set forth above, the total Claim amount calculated as of the Petition Date of November 4, 2019 is $19,060,086.92. That amount consists of the following:

- Unpaid principal balance of $17,858,636.54
- Unpaid interest at the contract rate, which is a variable rate defined under the Note (§1(d)), from the inception of the Loan through the Petition Date of November 4, 2019.
- Unpaid interest at the default rate, which is 5% in excess of the contract rate under the Note (§4(b)), from default through the Petition Date of November 4, 2019.
- Late charges under the Note (§1(4)(b)), as reflected in the Loan History
- Late reporting fees under the Loan Agreement at §10.1(b), as reflected in the Loan History
- Unused commitment fees under the Note (§1(a)(iii)), as reflected in the Loan History
- Servicing Fees under the Loan Agreement at §9.1, as reflected in the Loan History
- The Exit Fee provided for under the Note (§12)
- Attorney's fees and costs under the Loan Agreement (§9.1 and §12.10) and Note (§4(c)) incurred, without limitation, to enforce the Credit Documents, as a consequence of Debtors' default, to commence and maintain the foreclosure proceeding, to defend against the State Court Lawsuit and TRO, and for all other purposes under the Loan Agreement and Note

The above amounts, including without limitation interest, default interest, late charges, fees, and attorneys' fees and costs, continue to accrue after November 4, 2019, and ATX shall file a motion or seek appropriate relief for allowance of post-petition amounts, which are in addition to the Claim set forth above.

4

82552463v.3

**Reservation of Rights:**

      Investigation continues and ATX reserves its rights to amend the Claim and submit additional backup and documentation as necessary and appropriate. In particular, ATX reserves its rights to assert additional or amended claims against the Debtors as warranted and as further information is developed and investigation continues.

82552463v.3